```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 16-21270-Civ-MOORE
                                            (13-20218-Cr-MOORE)
                                    MAGISTRATE JUDGE P.A. WHITE
```

VITAL FREDERICK,

    Movant,

v.                                              <u>REPORT OF</u>
                                                    <u>MAGISTRATE JUDGE</u>

UNITED STATES OF AMERICA,

    Respondent.
_____/

## I. <u>Introduction</u>

    Vital Frederick, a federal prisoner, currently confined at the Federal Correctional Institution in Sandstone, Minnesota, has filed a <u>pro</u> <u>se</u> motion to vacate, pursuant to 28 U.S.C. §2255, challenging the constitutionality of his convictions and sentences for Hobbs Act robbery, access device fraud, and aggravated identity theft, entered following a jury verdict in case no. **13-20218-Cr-Moore**.

    This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

    No order to show cause has been issued because, on the face of the petition, it is evident the movant is entitled to no relief. <u>See</u> Rule 4(b),[1] Rules Governing Section 2255 Proceedings.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings, provides, in pertinent part, that "[I]f it plainly appears from the motion and any attached exhibits, and the record of prior proceeding that the movant party is not

The Court has reviewed the movant's motion (DE#1), along with all pertinent portions of the underlying criminal file under attack here.[2]

## II. Claims

This court, recognizing that movant is *pro se,* afforded him liberal construction pursuant to Haines v. Kerner, 404 U.S. 419 (1972). Movant seeks vacatur of his convictions and sentences, raising multiple grounds for relief, challenging the trial court's: (1) response to a jury question; (2) determination to proceed with jury deliberations after excusing one of the jurors, resulting in a jury of less than 12 members; and, (3) determination to give the jury an Allen[3] charge. (See DE#1:10-12,14-15).

## III. Procedural History

Briefly, the movant was charged with and convicted of four counts of interference with commerce by extortion (Hobbs Act offenses) (Counts 1 through 4), access device fraud (Count 5), and two counts of aggravated identity theft (Counts 6 and 7), following a jury verdict. (Cr-DE#s45,74,79,83). He was adjudicated guilty and sentenced to a total term of 81 months imprisonment, followed by 3 years supervised release. (Cr-DE#s118,119,121). He prosecuted a direct appeal, claiming his right to due process and a fair trial

---

entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party...."

[2]The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

[3]See Allen v. United States, 164 U.S. 492 (1896)(Supreme Court upheld an instruction urging the jury to reach a verdict).

2

were compromised, because the district court: "(A) failed to answer clearly a question posed by the jury during deliberations; (B) permitted the jury to deliberate with eleven members after excusing a juror for religious reasons and instructing the alternate to remain on call, and (C) giving the eleven-member jury an unsolicited Allen instruction after less than four hours of deliberation.[4] On **April 15, 2015,** the Eleventh Circuit, in a published opinion, affirmed movant's convictions and sentence, finding no error. See United States v. Frederick, 609 Fed.Appx. 744 (11th Cir. 2015); (Cr-DE#159). No petition for certiorari review appears to have been filed.

Thus, the judgment of conviction became final on **Tuesday, July 14, 2015,** when the 90-day period for seeking certiorari review with the U.S. Supreme Court expired.[5] The movant had one year from the time his judgment became final, or no later than **July 14, 2016,**[6] within which to timely file this federal habeas petition,

---

[4]The issues raised on direct appeal are gleaned from the movant's brief on appeal, which can be found on Westlaw, a legal research database, at United States v. Frederick, 2014 WL 3766399 (11th Cir. July 28. 2014). It can also be gleaned from the Eleventh Circuit's published opinion affirming the judgment of conviction. See United States v. Frederick, 609 Fed.Appx. 744 (11th Cir. 2015); (Cr-DE#159).

[5]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002); Wainwright v. Sec'y Dep't of Corr's, 537 F.3d 1282, 1283 (11th Cir. 2007)(conviction final under AEDPA the day U.S. Supreme Court denies certiorari, and thus limitations period begins running the next day). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

[6]See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)); see also, 28 U.S.C. §2255.

challenging the judgment of conviction.

Absent evidence to the contrary, the movant returned to this court filing his §2255 motion on **April 5, 2016**, the date he executed the motion.[7] (Cv-DE#1). Since less than a year has expired since the movant's conviction became final and the filing of this federal motion to vacate, the motion was timely filed before expiration of the one-year limitations period set forth under Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2255(f), as amended April 24, 1996.

## IV. Discussion

Turning to the grounds raised herein, the movant seeks vacatur of his convictions and sentences, raising multiple grounds for relief, challenging the trial court's: (1) response to a jury question; (2) determination to proceed with jury deliberations after excusing one of the jurors, resulting in a jury of less than 12 members; and, (3) determination to give the jury an Allen[8] charge. (See DE#1:10-12,14-15). However, it is well settled that collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to

---

[7] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[8] See Allen v. United States, 164 U.S. 492 (1896)(Supreme Court upheld an instruction urging the jury to reach a verdict).

4

relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

In other words, "[R]elief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...."

Further, the law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012). In other words, unless there has been "an intervening change in controlling law," a movant cannot raise in a §2255 motion a claim that was decided against him on direct appeal. See Rozier, supra; see also, United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963)

("identical grounds may often be proved by different factual allegations ... or supported by different legal arguments ... or couched in different language ... or vary in immaterial respects").

As applied, the movant here raises the same three issues that were previously raised and rejected on direct appeal. See United States v. Frederick, 609 Fed.Appx. 744 (11th Cir. 2015); (Cr-DE#159). Regarding the continuation of deliberations with an eleven-member jury, the Eleventh Circuit found that the district court "did not abuse its discretion by permitting the jury to continue deliberations" citing Fed.R.Cr.P. 24(c)(3), noting that a district court is permitted "to replace an excused juror with an alternate, during deliberations," however, the rule "does not require a court do to so." United States v. Frederick, supra.; (Cr-DE#159:4). Regarding the Allen charge, the Eleventh Circuit affirmed, finding no abuse of discretion in its issuance, because there were "no facts" to indicate that the Allen charge was "inherently coercive." Id.; (Cr-DE#159:4-5). Further, the Eleventh Circuit also affirmed the district court's response to the jury's question, finding no abuse of discretion after the district court first considered proposed answers from the defense and the government, and then instructed the jury to rely on the evidence presented to it, a response that did not misstate the law. United States v. Frederick, supra; (Cr-DE#159:2-3). Finally, the Eleventh Circuit affirmed the convictions, finding that none of the claims individually or cumulatively denied movant his constitutional right to a fair trial. United States v. Frederick, supra; (Cr-DE#159:5).

Since the grounds raised herein were fully explored and rejected on appeal, the movant is procedurally barred from re-raising those issues by way of a §2255 motion to vacate. See Stoufflet v. United States, 757 F.3d 1236, 1242 (11th Cir.

6

2014)(finding issue is procedurally barred from review if raised on direct appeal and there has been no intervening change in the law). Movant has not alleged, let alone demonstrated, that there has been an intervening change in the law to warrant reconsideration of his claims as alleged herein. He adds nothing of substance herein which would warrant reconsideration of the claims in this federal proceeding. Therefore, the movant is entitled to no relief on any of the grounds presented in this §2255 motion.[9]

### V.   Evidentiary Hearing

To the extent movant requests an evidentiary hearing on this matter, the request must be denied. To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, show both extraordinary circumstances and reasonable diligence entitling a petitioner to enough equitable tolling to prevent his motion to vacate or habeas petition from being time-barred. See generally Chavez v. Sec'y Fla. Dep't of Corr's, 647 F.3d 1057, 1060-61 (11th Cir. 2011)(holding that an evidentiary hearing on the issue of equitable tolling of the limitations period was not warranted in a §2254 proceeding and further finding that none of the allegations in the habeas petition about what postconviction counsel did and failed to do came close to the serious attorney misconduct that was present in Holland, instead, were at most allegations of garden variety negligence or

---

[9] If, however, the movant attempts to raise any new arguments or grounds for relief "for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument." Daniel v. Chase Bank USA, N.A., 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009)(citing Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009); see also, Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp.2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(quoting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

7

neglect).  If so, he gets an evidentiary hearing and the chance to prove that those factual allegations are true. Id. As noted by the Eleventh Circuit, "[t]he allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." Id. at 1061. Based upon the reasons stated above, this is not one of those cases where an evidentiary hearing is warranted on the limitations issue or otherwise.

## VI.   Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

8

Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001).

After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if movant does not agree, he may bring this argument to the attention of the Chief Judge in objections.

## VII.  Conclusion

For all of the foregoing reasons, is therefore recommended that this motion be DENIED; that no certificate of appealability issue; and, that the case be closed.

Objections to this report may be filed with the Chief Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Vital Frederick, Pro Se
     Reg. No. 02839-104
     F.C.I. - Sandstone
     Inmate Mail/Parcels
     Post Office Box 1000
     Sandstone, MN 55072

```
Robin W. Waugh, AUSA
United States Attorney's Office
Narcotics Section
99 NE 4th Street, 8th Floor
Miami, FL 33132
Email: robin.waugh@usdoj.gov
```